IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY TORKELSON,

                Plaintiff,                      OPINION AND ORDER

     v.                                         12-cv-664-wmc

SHAWN M. PAUL, NATHAN WALRATH,
PATRICK SCHILLING, SHARON GISSELMAN,
GLENN L. CUSHING, and TIMOTHY PROVIS,

                Defendants.

---

Plaintiff Jeffrey Torkelson has filed a complaint pursuant to 42 U.S.C. § 1983, against several attorneys and a deputy sheriff in connection with Allen's state court criminal proceeding. Torkelson has paid the filing fee. Because he is incarcerated, the court is required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A(b), to determine whether his proposed complaint is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. After reviewing the pleadings as required, the court concludes that the complaint must be dismissed because it does not state a claim upon which relief can be granted under 42 U.S.C. § 1983.

ALLEGATIONS OF FACT

In addressing any *pro se* litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of

this order, the court accepts plaintiff's well-pleaded allegations as true and assumes the following probative facts:[1]

Torkelson is currently incarcerated in the Wisconsin Department of Corrections at the New Lisbon Correctional Institution as the result of his conviction in Lincoln County Case No. 94CF004. Among other charges in that case, Torkelson was accused of repeated first-degree sexual assault of the same child. Torkelson filed a pre-trial motion to suppress an inculpatory statement that he made to Lincoln County Deputy Sheriff Nathan Walrath before being advised of his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436 (1966). The Circuit Court for Lincoln County held a hearing and denied the motion, concluding that *Miranda* warnings were not required because Torkelson was not in custody when the disputed statement was made. In January 2005, a jury found Torkelson guilty as charged of repeated first-degree sexual assault of the same child. The circuit court sentenced him to serve 20 years in prison followed by a seven-year term of extended supervision.

On direct appeal, Torkelson argued that the circuit court erred by denying his motion to suppress and admitting evidence of his confession in violation of *Miranda*. The Wisconsin Court of Appeals rejected that argument and affirmed the conviction. *See*

---

[1] The court has supplemented the facts with dates and procedural information about plaintiff's underlying criminal case from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited May 24, 2013). The court draws all other facts from the complaint and any attached exhibits, which are deemed part of that pleading. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider those documents to determine whether plaintiff has stated a valid claim).

*State v. Torkelson*, 2007 WI App 272, 306 Wis.2d 673, 743 N.W.2d 511. The Wisconsin Supreme Court denied his petition for review. *See State v. Torkelson*, 2008 WI 115, 310 Wis.2d 708, 754 N.W.2d 851.

Torkelson now files this civil rights complaint in federal court pursuant to 42 U.S.C. § 1983. The defendants are Lincoln County District Attorney Shawn M. Paul (formerly known as Shawn M. Mutter), Deputy Walrath, and the following attorneys who served as Torkelson's defense counsel: Patrick G. Schilling, Sharon M. Gisselman; Glenn L. Cushing; and Timothy Provis. Torkelson alleges that defendant Walrath lied under oath about Torkelson having waived his *Miranda* rights and that defendant Paul engaged in prosecutorial misconduct by withholding information about it. Torkelson contends further that defendants Schilling, Gisselman, Cushing, and Provis failed to provide effective assistance of counsel during the trial and appeal in Case No. 94CF004. Torkelson seeks monetary relief in the amount of $1 million for his unlawful imprisonment. In addition, Torkelson seeks $10,000 from Provis to recover the costs associated with retaining his services.

OPINION

Liberally construed, Torkelson seeks monetary damages for constitutional violations that have resulted in his conviction and imprisonment. Even assuming that Torkelson's allegations are true, he cannot prevail on a claim under 42 U.S.C. § 1983.

First, Torkelson cannot seek relief from his defense attorneys under § 1983 because a lawyer is not a state actor when he performs the traditional function of counsel

3

to a criminal defendant. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981). This is true whether counsel is appointed or retained. *See id.*; *see also Vermont v. Brillon*, 556 U.S. 81, 129 S. Ct. 1283, 1291 (2009) (observing that "[u]nlike the prosecutor or the court, assigned counsel ordinarily is not considered a state actor"). Because only state actors can be liable under § 1983, Torkelson's claims against defendants Schilling, Gisselman, Cushing, and Provis are legally frivolous.

Second, to prevail in a civil rights action stemming from a prisoner's "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim that bears a relationship to a conviction or sentence that remains enforced is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Torkelson's allegations would, if true, necessarily implicate the validity of his conviction in Lincoln County Case No. 04CF004. Torkelson does not, however, allege that his conviction has been invalidated or set aside by an authorized state tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254.

Absent such a showing, *Heck* precludes a claim for damages or declaratory relief under 42 U.S.C. § 1983. Accordingly, his complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b).

## ORDER

IT IS ORDERED that:

1. Plaintiff Jeffrey Torkelson's complaint is DISMISSED as frivolous and for failure to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.

2. A strike will be assessed for purposes of 28 U.S.C. § 1915g.

Entered this 3rd day of June, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge